UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

National Casualty Company,      Court File No.: _____

        Petitioner,

vs.     **MEMORANDUM OF LAW SUPPORTING MOTION TO CONFIRM AWARD**

Resolute Reinsurance Company,

        Respondent.

---

Petitioner National Casualty Company ("National Casualty") respectfully petitions this Court for an order and judgment, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, (a) confirming the August 11, 2015 award rendered by an arbitration panel in an arbitration proceeding between National Casualty and Respondent Resolute Reinsurance Company, and (b) ordering judgment in favor of National Casualty on the Award.  National Casualty respectfully directs the Court to its petition for a summary of the relevant facts underlying this motion.

In a reinsurance arbitration between National Casualty and Resolute concerning certain reinsurance claims, the panel issued a final Award ordering, among other things:

- That National Casualty's allocation of the Allied loss was objectively reasonable, in accordance with applicable legal authority, and that Resolute is to pay National Casualty the outstanding amount of billed loss within 30 days of the Award;
- That, pursuant to the terms of the Facultative Certificate and in accordance with applicable legal authority, declaratory judgment expenses are recoverable as amounts incurred in the investigation and settlement of the claim; and that Resolute must pay the outstanding declaratory judgment expenses within 30 days of the date of the Award; and
- Resolute must include certain enumerated prejudgment interest in its payments.

(Ex. A.)[1]  National Casualty now moves this court for an order and judgment confirming this final award.

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., ("FAA") applies to written arbitration agreements that concern interstate commerce.  9 U.S.C. §§ 1-2.  The reinsurance agreement between National Casualty and Resolute, which contains an arbitration provision, clearly involves interstate commerce between Resolute Re, in New York, and National Casualty, in Wisconsin.  (*See* Petition ¶¶ 1-2.)

Section 9 of the FAA provides that when, as here, the parties contractually agreed to arbitrate, a court asked to confirm a resulting arbitration award "must" do so "unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  Here, the arbitration award has not been vacated, modified, or corrected, and, therefore, the FAA requires that the award be confirmed and judgment be entered thereon.  *See* 9 U.S.C. §§ 9, 13.

Therefore, National Casualty respectfully requests that the Court issue an order pursuant to Section 9 of the FAA: a) confirming the arbitration award; b) directing the Clerk of the Court to enter judgment thereon; and c) granting National Casualty such other and further relief as the Court deems just and appropriate, including an award of costs.

---

[1] Resolute Re has made the payments ordered by the Panel in its Award.

**LARSON • KING LLP**

Dated: November 24, 2015         By /s/ Daniel C. Adams
                                 Daniel C. Adams
                                 Keith A. Dotseth
                                 2800 Wells Fargo Place
                                 30 E. Seventh Street
                                 St. Paul, MN  55101
                                 Phone:  (651) 312-6500
                                 Fax:  (651) 312-6618

                                 **ATTORNEYS FOR PETITIONER**